CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 28 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JAMES DALLAS GOODSON, SR., | ) |
| | ) Civil Action No. 7:11cv00197 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| T. BARBETTO, et al., | ) |
| | ) By: Samuel G. Wilson |
| Defendants. | ) United States District Judge |

James Dallas Goodson, Sr., a *pro se* inmate at Keen Mountain Correctional Center in Virginia, filed this action pursuant to 42 U.S.C. § 1983 against defendants T. Barbetto, R.C. Mathena, L. Fleming and J. Messer. Goodson claims that he has not been allowed to order the satanic bible or practice his satanic religion. He states that the prison's "security people" made rude comments about his religion, searched him, destroyed his personal property and took his satanic necklace. Goodson makes no specific allegations against any defendant.

The grievance forms submitted by Goodson show that T. Barbetto informed Goodson that the Publication Review Committee's ("PRC") disapproved publication list includes satanic books. Therefore, T. Barbetto informed Goodson that the Personal Property Offices would disapprove his order of a satanic bible, if he decided to order one. Two other attached grievance forms show that J. Messer denied Goodson's grievance because he had failed to attach the appropriate paperwork and that R.C. Mathena denied Goodson's grievance because if a publication has already been disapproved by the PRC, it cannot be grieved. From the attached grievance forms, it appears that Goodson has yet to order a satanic bible.

At most, Goodson's claims only show that the defendants informed Goodson that satanic books are on the disapproved books list and that any order of a satanic bible would therefore be

disapproved. Goodson fails to allege that any of the defendants are responsible for the disapproved publication list. Nor does he allege any facts showing that the named defendants impeded his religious practices. It is apparent that Barbetto and Mathena did not violate Goodson's constitutional rights merely by informing him of the procedures for evaluating outside publications sent to inmates and for filing a grievance if the PRC disapproves a publication. Likewise, Goodson failed to make any allegation against Fleming or Messer showing that they violated his constitutional rights. Therefore, the court finds that Goodson has failed to state a plausible claim for relief under § 1983 against any of the defendants and dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(A)(b)(1).

**ENTER:** April 28, 2011.

UNITED STATES DISTRICT JUDGE